ASIRU, counsel are you ready? Yes, your honor. Go right ahead. May it please the court, Akin Tunde, Akin Timoye for Mr. and Mrs. ASIRU who are the appealants in this case. This case comes from the Central District, an appeal of the judgment of Judge Manuel Real with respect to the federal income tax liability of the ASIRUs for 1990, 1991, 92, 93, 94, and 1996. Mr. and Mrs. ASIRU contends that with respect to the 1990 returns that the statute of limitations had expired before the appealee filed the lawsuit in an attempt to reduce the assessment into judgment because the ASIRUs filed their income tax return on June 23, 1993 and it was a self-assessed tax return and so the assessment date is June 23, 1993, but the federal government, the appealee did not file their lawsuit until July 7, 2003. Therefore, the 10-year statute of limitation for them to file the lawsuit expired. Accordingly, we respectfully submit that there should be no tax liability for the year 1990. Under the law, what's the start date for the 10-year statutory period? Well, the start date is the assessment date. And what was the date of assessment in this case? It's because it's a self-assessed return. My question looks for a date. Oh, it's June 23, 1993. I'm sure we'll hear from the other side, but my records indicate that the taxes were assessed on July 19, 1993. That is not correct, Your Honor, because on the certificate of assessment that the government submitted at the district court, on the certificate of assessment itself, there's an entry that says, that we are contending that first of all, it is a self-assessed return and because it was a self-assessed return, so the assessment date starts from the filing date, which is June 23, 1993. And also the government entry on their own certificate of assessment shows two dates. It shows first a date that says June 23, 1993, return file and tax assessed. Then it shows another date on the right-hand column, which is the July 19, 1993. I have another question about this general subject. Was this issue raised before the district court? Well, our contention is... Can you start with a yes or no? I'll say yes, Your Honor. It was? Yes, I think it was raised by them introducing the certificate of assessment. Okay, let me ask the question another way. Did the taxpayers in this case raise this issue below? Specifically, I don't see anything specific that talks about the certificate. The answer to my question is no. I'll say no, but Your Honor, I think... Ordinarily, the way to do it would be to file a motion to dismiss because the statute of limitations had expired, right? Yes, that was not done by the prior counsel in the case. Okay. But I'm contending that the issue of the statute of limitation was before the court because the certificate of assessment that the government used to prove their case indicated there was an entry on that certificate of assessment that says that statute expired, clear account to zero. And it shows that on the certificate of assessment that they used to prove their case. So by that, our contention is that the statute of limitation is obviously an issue because if the account has been cleared to zero, there's no liability left. And they cannot now reduce to judgment an account that the certificate of assessment shows has been cleared to zero because of the expired statute. So we think that the issue is preserved. This certificate says the tax liability was reduced to zero on what date? I believe it's around... July 28th? I think later. The specific date of that entry was about August 18th, 2003. But that was the certificate of assessment that they used in proving their case. But the government had already filed suit before that time. Yes, Your Honor. The expiration time. Yes. Okay. And additionally, Your Honors, as with respect to the issue of the certificate, with respect to the other years, the ashiru's hired an accountant, Willie Acker, to review their tax returns for correctness because they had previously had another accountant, Mrs. Wong. Did he actually review their past return filed by Mrs. Wong? The amended return? No, he reviewed the income tax return filed by Mrs. Wong and he used that to prepare the amended return. And he basically took the figures that Mrs. Wong used and then he classified differently what Mrs. Wong had classified as self-employment income. He contended that that should be a flow-through from the S Corp because Mr. Ashiru was the 100 percent owner of American Midland Corporation and he was the chief operating officer. So Mr. Acker opined that the income, the compensation given to Mr. Ashiru should flow to him in front of the K-1 and it should not be classified as a self-employment KGC income like Mrs. Wong did. Didn't the taxpayers voluntarily elect to be treated as independent contractors? No, they did not. They relied solely on the expertise of Mrs. Wong. But she put them down that way in the tax returns, right? Yes, she did, on the individual income tax return, yes. What would be the difference between what the government says they had to pay on the pass-through and the way that you claim that they should have been assessed? The difference would be the self-employment income. That is to say Mr. Ashiru would not have to pay self-employment income on the compensation that he got from American Midland. But the company would have had to pay it and he gets the income through the company, right? As the sole owner. Yes, the company would have had to pay it, but then the company also is entitled to its due process. And the government should have went after the company with respect to properly filing the payroll tax return and properly paying the income tax liability with respect to the payroll, not Mr. Ashiru as an individual. Did you want to save any time for rebuttal? Yes, Your Honor. Okay. Thank you for your argument, counsel. We'll hear from the commissioner at this time. Good morning, Your Honors. Thank you, Randolph Hutter for the United States. Your Honors, the only issue that is properly before this court on appeal is whether Mr. Aka's testimony was properly stricken by the district court. None of the other issues the Ashiru's raised in this appeal were raised in the district court. The tax assessments in this case are based on the income tax returns filed by the taxpayers. Only now, faced with liabilities, penalties and interest, do they challenge those amounts. The taxes were reported on their returns. They did not pay the taxes reported on the returns. Consequently, the IRS assessed the liabilities and interest and penalties against them and are proceeding to collect with the proceeding with collection. As Your Honor properly points out, the assessment date that triggers the 10-year statute of limitations is the assessment date, the date on which the IRS assesses the taxes. It is common parlance to say that income taxes are self-assessed when you file your return, but that is a loose, informal use of the word. That is not the term of our assessment. An assessment goes from the date the IRS assesses, and that was done on July 19, 2003, and the complaint by the United States in this case was filed within the 10-year period of limitations. You want to speak to the issue that is before us? Yes. With regard to Mr. Aka, the district court completely was within its discretion in striking his testimony. He did not review any accounting records that Ms. Wong prepared or that American Midland had. The Asaroos say those records were lost, destroyed. All he did was talk to the Asaroos and prepare new returns, and that is completely no basis for an expert testimony at all, and he did not prepare any kind of report to show how he got to his numbers, and the district court did not abuse its discretion in dismissing his testimony. Did the district court have his testimony in front of it, or did it dismiss it before? He testified first. He did testify, and then it struck him. Yes. And then it considered our motion to strike. So the court could have considered it. Oh, yes, of course. Yes, of course. But it was totally without basis. If the Court has no other questions? I don't see anything. Thank you, Counsel. Thank you. Good morning. Rebuttal? Counsel? Thank you, Your Honor. Mr. Aka did prepare a return, I mean, a report. The report he prepared was the amended return, and that amended return is the kind of report that will be expected to prepare in situations like this, because using the standard for admissibility of an expert testimony, there's a difference between an expert giving a scientific opinion and non-scientific opinion, and in this case, Mr. Aka was giving a non-scientific opinion, and he did not have to go and look at the general ledgers or the counsel checks in order to arrive at the figure. He agreed with the figure that Mrs. Wong determined. The only difference was the classification of those figures. I mean, there's no contention. It's not disputing that Mr. Asheru received compensation or the amount of the compensation. The only issue is whether or not this compensation should have been self-employment income or not, whether or not it should have been a flow-through. So he did exactly what an expert in his situation is required to do, which is rely on the work of another expert and then show where you differ. So his testimony was very relevant, and his testimony went to the heart of our client's defense that he did not owe any money, and the classifications by the prior CPA was erroneous. Thank you, Your Honor. Thank you. Thank you both for your arguments. The case just argued will be submitted for decision.
judges: Ferguson, Siler, Hawkins